

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,677

### EX PARTE THEODORE PAUL GALLIA, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 34,276 IN THE 66TH DISTRICT COURT
### FROM HILL COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of firearm by a felon and, after a period of community supervision, sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his conviction is invalid because at the time of this offense, he had not previously been convicted of a felony. In order to be convicted on a charge of possession of a firearm by a felon, Applicant must have been previously convicted of a felony. At the time of this

offense, Applicant was on deferred adjudication supervision for a drug charge, but that offense was not adjudicated until after the offense date in this case. Applicant is entitled to relief.

Relief is granted. The judgment in Cause No. 34,276 in the 66th Judicial District Court of Hill County is set aside, and Applicant is remanded to the custody of the sheriff of Hill County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 9, 2011
Do Not Publish